## Hobart Mfg. Co. v. Morrone, Appellant.

*Landlord and tenant—Landlord's warrant—Levy—Failure to follow up levy—Effect—Evidence—Sufficiency.*

In an action of trespass to recover the value of a meat chopping machine, it appeared that the machine was leased to a tenant of the defendant and that the tenant defaulted in the payment of the rent and abandoned the premises. It further appeared that the defendant issued a landlord's warrant for the collection of the rent; that there was a levy on the goods of the tenant; and that the landlord failed to follow up his levy. It also appeared that the tenant defaulted in the making of payments on the machine and that the defendant removed the machine from the premises and refused to deliver it to the plaintiff.

Under such circumstances the levy for rent did not defeat the plaintiff's right to the possession of the machine and the court properly found for the plaintiff.

Where in such a case it was shown by the plaintiff that it leased a certain meat chopper to the tenant and that the agent who leased the machine for the plaintiff and the local manager of the plaintiff, saw it in the tenant's shop after the landlord's warrant had been issued and identified it as that covered by the lease, there was sufficient evidence to support a finding by the court that the machine was the one which the tenant had obtained from the plaintiff.

Argued December 16, 1925. Appeal No. 126, October T., 1925, by defendant, from judgment of M. C.

540    HOBART MFG. CO. *v.* MORRONE, Appellant.

Philadelphia County, May T., 1924, No. 161, in the case of Hobart Mfg. Co., a Corporation, v. Peter Morrone. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover the value of a meat chopper. Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $175 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for a new trial.

*Isabel Drummond,* for appellant.

*Francis C. Menamin,* and with him *David E. Rattin,* for appellee.

OPINION BY HENDERSON, J., February 26, 1926:

The plaintiff brought this action in the Municipal Court to recover the value of a meat chopping machine, title to which was asserted by the plaintiff. The case was tried before the judge without a jury. The evidence shows that the plaintiff leased to Orazio Ziccardi an electric meat chopper to be used for a period of fifteen months for a rental of $225 to be paid in installments as set forth in the lease. Ziccardi conducted his business in premises leased from the defendant. The tenant made default in the payment of rent and abandoned the place, whereupon the landlord issued a warrant to a constable, as bailiff, for the collection of the rent. A levy was made and the property advertised for sale, but a sale was not had—the landlord not being present at the time when the sale was to have taken place, and the bailiff refusing to wait longer to conduct the business, although the

landlord arrived about the time the bailiff was driving away. No sale was ever made under the levy. Property belonging to other owners was on the premises at the time of the levy, and after the day fixed for the sale was taken away with the consent of the landlord, the evidence showing that in one case at least he had received compensation from the claimant of the property as an inducement to permit its removal. The meat chopping machine was taken by the defendant to another place and delivery of it to the plaintiff was refused; the defendant alleging that the plaintiff "gave no kind of identification of the machine." The court found in favor of the plaintiff on the evidence, and this finding has the effect of a verdict of a jury. The appellant contends that judgment should have been entered in favor of the defendant for the reason that neither title nor right of possession was proved by the plaintiff. The first proposition is based on the supposed lack of evidence of the identification of the property. It is not contended by the appellant that any other person owned it, but that the evidence of ownership was not sufficiently specific and definite. The plaintiff's uncontradicted evidence was that on the 29th of October, 1923, it leased and delivered to Ziccardi a meat chopper with hand wheel, style 222, volts 220, cycle 60, phase 1, and that Ziccardi was engaged in business as a dealer in meats at the street and number stated in defendant's lease to him. The agent who leased the machine for the plaintiff and the local manager of the plaintiff saw the machine in the tenant's shop after the landlord's warrant had been issued and identified it as that covered by the lease. The warrant was issued in February, 1924. A period of less than four months had elapsed therefore between the delivery of the property to Ziccardi and the issuing of the landlord's warrant. The objection made by the appellant to the identification is that neither of the witnesses was

able to state the serial number of the machine; their identification resting on its appearance and style number. There was not any other claimant however and the court was sufficiently supported by the testimony in finding that the machine was the one Ziccardi had obtained from the plaintiff. He had been using it in his place of business for a short time and there is not a suggestion that he had exchanged the one he received from the plaintiff for another one just like it made by the same company. If the case had been presented to a jury under the evidence, there could have been no other proper conclusion as to the fact that the machine levied on by the bailiff in the tenant's shop was that leased to him by the plaintiff.

Coming then to the question of the right of possession the lease disposes of that unless there was some right in the bailiff as the result of this levy. It is admitted by the defendant that the tenant "ran away" and the plaintiff's lease shows an apparent default in the making of payment by the lessee. As between the parties to the lease therefore there was an undoubted right to recover possession. Did the levy for rent defeat this right? Undoubtedly not on the facts presented. There was an entire failure on the part of the landlord to follow up his levy; the bailiff declined to proceed further; there was no continuance of the sale nor any subsequent action under the landlord's warrant. The landlord took away this property and admittedly refused to deliver to the plaintiff. Without attempting to satisfy himself as to the title and without claiming the title in himself, he put the plaintiff to an action to enforce this right. There is not a substantial basis therefore for the contention that no right of possession was shown. The defendant took the chance that the plaintiff could not establish his title and failed in so doing under the testimony.

The judgment is therefore affirmed and the assignments dismissed.